# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WILLIAM DZIATKOWICZ,**
**Claimant Below, Petitioner**

**FILED**
**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-326**          (JCN: 2023017326)

**HANCOCK COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner William Dziatkowicz appeals the July 16, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Hancock County Board of Education ("HCBOE") filed a response.[1] Mr. Dziatkowicz did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for additional physical therapy and work hardening and closed the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's order but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On March 9, 2023, Mr. Dziatkowicz injured his lower back while lifting an HVAC pump weighing approximately 90 pounds. Mr. Dziatkowicz was able to finish working. However, the next morning he went to the emergency department at Weirton Medical Center complaining of back, hip, and right leg pain. A CT scan taken that day revealed a mild annular bulge without stenosis at L1-L2; an annular bulge with moderate to severe bilateral stenosis at L2-L3; an annular bulge with bilateral recess stenosis and broad-based right disc herniation possibly causing right nerve compression at L3-L4; and a broad based central left disc herniation with moderate to severe bilateral stenosis on the left with possible nerve compression at L4-L5. No stenosis was identified at L5-S1. Mr.

---

[1] Mr. Dziatkowicz is represented by Christopher J. Wallace, Esq. HCBOE is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

Dziatkowicz was diagnosed with a lumbar sprain. A workers' compensation claim was filed. However, neither party submitted an order recognizing the compensable conditions.

Prior to the compensable injury, for many years, Mr. Dziatkowicz suffered from back issues. On October 8, 2004, Mr. Dziatkowicz suffered an occupational injury to his low back when lifting a concrete sink out of a truck. Claim number 2005015188 was held compensable for a sprain/strain in the lumbar region. Mr. Dziatkowicz underwent a lumbar spine MRI on March 17, 2005, revealing mild spinal canal stenosis with significant bilateral foraminal stenosis at L4-L5, mild spinal canal stenosis at L5-S1 secondary to mild disc bulging with a small left paramedian disc protrusion, and disc desiccation from L5 through S1 with moderate loss of disc height L4-L5 and significant loss of disc height L5-S1.

On January 19, 2007, Mr. Dziatkowicz suffered a second occupational low back injury. Claim number 2007004749 was held compensable for thoracic/lumbar neuritis. An MRI of Mr. Dziatkowicz's lumbar spine on January 24, 2007, revealed left paracentral herniated nucleus pulposus at L4-L5; and eccentric degenerative bulging disc disease at L5-S1, with significant stenosis of the left neuro foramina. On August 30, 2007, Mark Fye, M.D., noted that Mr. Dziatkowicz was seen for another opinion regarding his back and right leg pain. Mr. Dziatkowicz reported that he had experienced multiple back injuries in the past from car accidents and work injuries, with the most recent work injury on January 19, 2007, when he was lifting a 50-pound compressor. The doctor concluded that Mr. Dziatkowicz's current low back pain was secondary to a soft tissue injury and lumbar strain; that there was no new disc herniation; that Mr. Dziatkowicz may have an annular tear that could be causing some inflammatory changes and radiculopathy down his right leg; and that surgery was not indicated.

A December 7, 2012, MRI of Mr. Dziatkowicz's lumbar spine revealed normally delineated discs at L1-L2, L2-L3, and L3-L4; no evidence of encroachment of the neural foramina; a moderate degree of degenerative bulging disc disease at L4-L5 as well as a small central herniated nucleus pulposus; severe degenerative disc disease at the L5-S1 level; and an eccentric protrusion of the degenerative disc into the left neural foramina and left lateral recess. Compared with the earlier study of October 2011, the previously seen large, left, paracentral herniated nucleus pulposus is no longer seen, indicating a postsurgical change.

Mr. Dziatkowicz was seen by Atul Shetty, M.D., multiple times from April 18, 2016, to October 12, 2023. On March 5, 2020, Dr. Shetty diagnosed other intervertebral disc degeneration of the lumbar spine and lumbar spinal stenosis. The office notes from March 26, 2020, through October 25, 2021, assess low back pain and chronic pain syndrome. The office notes from November 24, 2021, through January 25, 2022, indicate diagnoses of other cervical disc degeneration and chronic pain syndrome. Dr. Shetty's

2

notes from February 22, 2022, through February 15, 2023, diagnose chronic pain syndrome.

Returning to the workers' compensation injury on appeal, Mr. Dziatkowicz was evaluated by Scott Rainey, M.D., on May 6, 2024, who opined that the diagnosis of a right lateral intraforaminal disc herniation at L3-L4 was a direct result of the reported work injury of March 9, 2023. Dr. Rainey noted that Mr. Dziatkowicz underwent back surgery performed by Dr. Fye on April 25, 2023; and that Dr. Fye performed a right side L3-L4 far lateral microdiscectomy with foraminotomy and decompression of the L3 nerve root, which was a direct result of the work injury. Dr. Rainey explained that while he could not say that Mr. Dziatkowicz had "fully recovered," he found that Mr. Dziatkowicz had reached maximum medical improvement ("MMI") following his compensable injury. Dr. Rainey stated that while Mr. Dziatkowicz may continue to have symptoms, he did not anticipate any significant change in his overall medical condition; and that while Mr. Dziatkowicz would not need further surgery for the compensable injury, it was reasonable to continue pain management. Dr. Rainey concluded that Mr. Dziatkowicz was capable of performing light duty work and issued work restrictions that Mr. Dziatkowicz should follow.

In an October 4, 2024, Summit Physical Therapy progress note, a therapist indicates that Mr. Dziatkowicz's diagnosis was other intervertebral lumbar disc displacement, muscle weakness, and difficulty walking.

In an October 17, 2024, office note Dr. Shetty states that Mr. Dziatkowicz has degeneration of lumbar intervertebral disc, status post back surgery, and was slowly improving with PT. Dr. Shetty opined that Mr. Dziatkowicz was unable to meet his job requirements and should continue with PT and work conditioning. Dr. Shetty noted that Mr. Dziatkowicz still had gait instability, but he was improving and no longer walking with a cane. The assessment was lumbar disc herniation with radiculopathy. Dr. Shetty stated that Mr. Dziatkowicz would remain off work until he was re-evaluated at his next visit. Mr. Dziatkowicz was provided a referral for a PT evaluation, treatment, and work conditioning for four to six weeks.

The claim administrator issued an order dated December 11, 2024, which closed the claim for TTD benefits based on Dr. Rainey's May 6, 2024, report, which found Mr. Dziatkowicz had reached MMI with regard to the compensable injury. On December 17, 2024, the claim administrator issued an order denying authorization for additional physical therapy/work hardening due to a finding that it was not medically necessary and reasonably required treatment for the compensable injury. Mr. Dziatkowicz protested both orders.

On January 7, 2025, Mr. Dziatkowicz was seen by Kelley Scott, FNP, who indicated that Mr. Dziatkowicz would be kept off work for the next month because he was unable to

return to light duty work; and that he would follow up in one month. In a correspondence dated February 17, 2025, Dr. Shetty stated that he had been treating Mr. Dziatkowicz for several years due to back issues that preexisted the compensable injury, and since the compensable injury, Mr. Dziatkowicz had back pain with radiculopathy. Dr. Shetty stated that due to the injury, Mr. Dziatkowicz had surgery in April of 2023 and has been going through a long recovery, including eight months of PT and six weeks of work hardening therapy. Dr. Shetty opined that Mr. Dziatkowicz has shown steady improvement since the surgery and that he should continue his PT and work hardening in order to continue to improve his physical endurance and ability to return to full duty work.

On March 11, 2025, Mr. Dziatkowicz was seen by NP Scott, who stated that she and Dr. Shetty had been treating Mr. Dziatkowicz since 2016, and since the March 9, 2023, compensable injury, they had treated Mr. Dziatkowicz on a nearly monthly basis. NP Scott stated that Mr. Dziatkowicz was slowly progressing and improving with PT and work conditioning, and that, even though it had been over two years since the injury, she and Dr. Shetty believe that Mr. Dziatkowicz has more potential to improve. NP Scott noted that Mr. Dziatkowicz had gone from being able to lift ten to fifteen pounds to now lifting twenty pounds on a regular basis. NP Scott opined that four to eight more weeks of PT with work conditioning will only further increase his physical capabilities so that he would be able to return to work on a regular status without restrictions.

A Summit Physical Therapy Re-Evaluation report dated March 19, 2025, was completed by Mark Mascio, PT, CHT, and notes that Mr. Dziatkowicz was status post lumbar surgery performed in May of 2023, and that his diagnoses were low back pain and intervertebral disc degeneration in the lumbosacral region with lower extremity pain. Mr. Mascio further notes that Mr. Dziatkowicz had six weeks of PT for work conditioning and was making steady progress. It was opined that, based on the reevaluation and considering that he had completed only six weeks of work conditioning, Mr. Dziatkowicz had a high probability of progressing to his required work demand of medium physical of lifting 20-50 pounds on an occasional basis, with six more weeks of work conditioning given his significant and steady gains with only six weeks of prior PT.

On July 16, 2025, the Board affirmed the claim administrator's order, which denied authorization for additional physical therapy and work hardening and closed the claim for TTD benefits. The Board found that the preponderance of the evidence establishes that Mr. Dziatkowicz has reached MMI for his compensable injury of March 9, 2023, and is not temporarily and totally disabled. Further, the Board found that additional physical therapy and work hardening are not medically related and reasonably required treatment of the compensable injury. Mr. Dziatkowicz now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

4

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Dziatkowicz argues that Dr. Rainey indicated that he will continue to have symptoms and still needs pain management, yet incorrectly found him to be at MMI. Mr. Dziatkowicz notes that Dr. Rainey's report does not even address the additional physical therapy or work hardening requested in this claim. Mr. Dziatkowicz further argues that the Board erred by not finding this an extraordinary case, pursuant to West Virginia Code of State Rules 85-20-4.1. Mr. Dziatkowicz notes that "[t]he Board's order points out that Mr. Dziatkowicz has had over 100 post-surgical treatments. This treatment was all authorized and paid for under this claim. This treatment has long been in excess of any Rule 20 guideline, yet the carrier continued to pay for it." Mr. Dziatkowicz argues this establishes that his is an extraordinary case.

Upon review, we conclude that the Board failed to adequately consider and address all of the evidence. The Board's order mentions that Dr. Shetty believed Mr. Dziatkowicz would continue to improve, but the Board did not discuss Dr. Shetty's treatment notes wherein Dr. Shetty documented Mr. Dziatkowicz's actual improvement and his ability to discontinue using a cane. Mr. Dziatkowicz's physical therapy records also document improvement in Mr. Dziatkowicz's condition after Dr. Rainey's evaluation. According to a physical therapy note dated March 19, 2025, Mr. Dziatkowicz had a high probability of returning to work without modifications, and his rehabilitation was excellent. Further, the Board did not provide an adequate analysis regarding its conclusion that Mr. Dziatkowicz was no longer entitled to additional treatment. The Board made the conclusory statement that "[t]he evidence does not establish that this is an extraordinary case such as to allow deviation from the Rule 20 treatment protocol." However, the Board did not address Mr. Dziatkowicz's argument that HCBOE had already approved treatment beyond Rule 20

guidelines when it denied his request for additional therapy. The Supreme Court of Appeals of West Virginia has recently noted the importance of the Board performing an adequate analysis in each claim and fully explaining its findings. *See Workman v. ACNR Resources, Inc.*, 251 W. Va. 796, 916 S.E.2d 638 (2025).

The Board was clearly wrong when it did not adequately address Mr. Dziatkowicz's treatment notes which showed improvement and high probability of returning to work without modifications. The Board also did not address Mr. Dziatkowicz's argument that HCBOE had already approved treatment beyond Rule 20 Guidelines when it denied his requests for therapy. For these reasons, the Board's order dated July 16, 2025, is vacated and remanded to the Board with instructions that it reevaluate the medical evidence submitted by the parties and issue a new order consistent with this decision.

We note further note that Dr. Rainey indicated that Mr. Dziatkowicz could work modified duty; however, there is no indication from HCBOE that modified duty is available for Mr. Dziatkowicz's position nor that it has been offered.

Accordingly, we vacate the Board's July 16, 2025, order and remand the claim for further consideration and adequate analysis of the evidence.

Vacated and Remanded.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White